RICHARD PALMER *v.* STATE.
163 So. 47.
Opinion Filed August 29, 1935.

*L. E. Womack,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the plaintiff in error of the offense denounced by Section 360 R. G. S., 417 C. G. L., which is identical with Section 5913 R. G. S., 8177 C. G. L., being Section 57 of Chapter 6469, Acts of 1913. The title of Chapter 6419, *supra,* was "An Act to Provide for and Regulate Primary Elections." Section 57 of the Act was for the purpose of preventing any person from registering in more than one name and to prohibit a person from assuming any

other name in connection with the primary election than that name under which he registered.

The record shows that the defendant registered in the primary election registration book for Precinct No. 1 in Hillsborough County, Florida, on March 21, 1934, under the name of Richard Palmer and that on March 22, 1934, he registered in the primary election registration book for Precinct No. 2 in Hillsborough County, Florida, as Robert S. Palmer. We hold that the information sufficiently charged the offense denounced by the statutes above. referred to and while the evidence is in some respects conflicting, there is ample substantial evidence to support the verdict and judgment. The jury resolved the conflicts adversely to the plaintiff in error.

The brief filed by the plaintiff in error entirely fails to comply with the provisions of amended rule 20 but instead of dismissing the writ of error for this reason, we have considered the record and such brief as has been filed.

It appears that plaintiff in error insists that there was a variance between the allegations of the information and the proof. We find no fatal variance.

It appears to be contended that the court erred in admitting in evidence primary election registration book of Precinct No. 1 of Hillsborough County and a like book of Precinct No. 2 of Hillsborough County. These books were each admitted after it had been shown by direct and positive evidence that defendant had registered himself in each of said books, in one as Richard Palmer and in the other as Robert S. Palmer. These entries alleged to have been made by the defendant in such books after proof was submitted showing that he had made such entries in said books, were admissible in evidence.

We find no reversible error in the record.

685

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.